VELA, APELANTE, *v.* CRUZ ET AL., APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 972.—Resuelto en mayo 19, 1913.

EJECUCIÓN DE SENTENCIA — PRESCRIPCIÓN — INTERRUPCIÓN DEL TÉRMINO. — De acuerdo con los artículos 239 y 243 del Código de Enjuiciamiento Civil el término legal para poder ejecutar una sentencia es de cinco años, sin que pueda excluirse del cómputo de dicho término, el período durante el cual haya podido estar en suspenso la ejecución de la sentencia, por orden de un tribunal. *Millín* v. *Aldrey, Juez de Distrito,* 16 D. P. R., 393.

ID.—NOTIFICACIÓN—RENUNCIA—FALTA DE CONSTANCIA EN AUTOS.—Cuando de los autos consta que una moción solicitando la ejecución de una sentencia que ha prescrito ya, ha sido notificada a la parte contraria, sin que haya constancia alguna de que ésta ha prestado su conformidad para que se ejecute la sentencia, la manifestación hecha en la resolución de la corte de que declara con lugar la moción con la conformidad del abogado de la parte contraria, no está justificada por los autos y es insuficiente para producir la renuncia de un derecho de la parte perjudicada.

ID.—REGISTRO DE SENTENCIAS ANTERIORES AL NUEVO CÓDIGO DE ENJUICIAMIENTO CIVIL.—No es necesario registrar en los libros de sentencias establecidos por el nuevo Código de Enjuiciamiento Civil todas las dictadas con anterioridad, para que puedan cumplirse, y el término de cinco años que señala el artículo 239 del Código de Enjuiciamiento Civil debe empezar a contarse con respecto a aquéllas desde que fué dictada y publicada de acuerdo con la Ley de Enjuiciamiento Civil anterior.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Artemio P. Rodríguez.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Pronunciada sentencia por la Corte Municipal de Bayamón en 24 de agosto de 1903 condenando a Isaías Cruz y a Florentina Reyes a pagar a Ricardo Vela la cantidad de 358 pesos setenta y cuatro centavos y apelada, fué declarada desierta la apelación en 19 de septiembre de 1903 y

comunicado así a la corte inferior.  En 18 de enero de 1904 dispuso el juez municipal que se enviasen los autos a la corte de distrito, en cumplimiento de una orden que ésta libró en las diligencias de *abintestato* promovidas por Florentina Reyes para que se le remitieran y también para que se suspendiera el procedimiento de apremio.  En 28 de octubre de 1909 la, corte de distrito declaró abandonadas las diligencias de *abintestato* y ordenó que cesara la suspensión del procedimiento de apremio.  En 27 de noviembre de 1911 el demandante solicitó de la corte municipal que ordenara el cumplimiento de la sentencia y al pie de la moción dice: "Notificado con copia en su fecha.  E. Márquez, abogado de los demandados;" y la resolución de la corte dijo: "Vista la moción que antecede presentada por el abogado del demandante con la conformidad del abogado de la parte demandada, se accede a lo solicitado."

Poco después, en abril de 1912, a petición de algunos de los demandados, la corte municipal anuló esa orden de ejecución y la resolución de la Corte de Distrito de San Juan, Sección 1ª. que la confirmó, ha motivado el presente recurso de apelación interpuesto por el demandante o acreedor por la sentencia.

Tres son los motivos en que se apoya el recurso:

1. Suspendido el procedimiento en este caso mediante orden dictada por la Corte de Distrito de San Juan en un juicio sobre *abintestato* en el que no era parte este demandante y apelante, ¿debe o nó ser excluído, a los efectos de computar la prescripción de cinco años que para la ejecución de sentencias señala el actual Código de Enjuiciamiento Civil, el tiempo en que el procedimiento estuvo suspendido por orden superior?

2. Habiéndose expedido la orden de ejecución de conformidad con el abogado de la parte demandada según lo expresa la misma orden de la corte municipal, ¿pueden los demandados posteriormente pedir que se anule dicho manda-

miento y que se suspenda definitivamente el remate por haber expirado el plazo para ejecutar dicha sentencia?

3. ¿Ha expirado en verdad el plazo que la ley señala para la ejecución de sentencias, cuando dicha sentencia no aparece registrada según las disposiciones del vigente Código de Enjuiciamiento Civil?

La cuestión propuesta en el primero de ellos está ya resuelta por esta Corte Suprema en el caso de *Millín* v. *Aldrey,* 16 D. P. R., 393, que es exactamente igual al presente, coincidiendo hasta en las fechas y en las leyes que regían los procedimientos. En el de Millín se dictó la sentencia en Bayamón en 1903, lo mismo que en el presente caso: en ambos fué suspendida la ejecución de la sentencia por orden de la Corte de Distrito de San Juan, sólo que en un caso esa orden se dictó en una tercería y en el otro en unas diligencias de *abintestato;* en los dos casos la orden de suspensión fué alzada en 1909; en ambos se ordenó la ejecución y luego se anuló y en uno y otro habían transcurrido más de cinco años desde que empezó a regir el Código de Enjuiciamiento Civil de 1904 hasta que se pidió la orden de ejecución, cuando ya estaba cumplida por ministerio de la ley de acuerdo con los artículos 239 y 243 del Código de Enjuiciamiento Civil.

Sostiene el apelante que los casos difieren porque en el de Millín podía el acreedor intervenir en la tercería y pedir lo conducente a su derecho, mientras que en el suyo, fué dictada en un *abintestato* donde no era ni podía ser parte el apelante. Este argumento es insostenible pues tanto por la antigua ley de Enjuiciamiento Civil, artículo 972, como por la vigente de Procedimientos Civiles especiales, artículo 23, los acreedores con título escrito tenían y tienen derecho a intervenir en esas diligencias. Por consiguiente, la doctrina consignada en el caso de Millín antes citado, es de aplicación al presente y no existe el motivo de error alegado en primer término, pues había caducado el derecho de hacer cumplir esa sentencia.

Mas se alega en el segundo de los errores, que como los demandados prestaron su conformidad para que la ejecución se llevase a efecto, no pueden luego pedir que se anule, porque fué renunciada la prescripción de cinco años. El error alegado descansa sobre una base falsa. Lo que aparece en los autos es que la moción solicitando la ejecución fué notificada al abogado de los demandados; no consta su conformidad para que se expidiera la orden de ejecución, y si bien en la resolución de la corte se dice por ésta que ha visto la moción con la conformidad del abogado de los demandados, sin embargo, como se trata de la renuncia de un derecho, no estimamos suficiente tal manifestación cuando no aparece de los autos que el juez estuviera justificado para hacerla.

En cuanto al tercer error de que no puede aplicarse el artículo 239 del Código de Enjuiciamiento Civil porque éste exige el registro de la sentencia como punto de partida para contar los cinco años dentro de los que aquélla podrá ejecutarse, y que en este caso tal registro no consta que fuera hecho, diremos que la sentencia de 1903 fué suscrita por los jueces que la dictaron así como por el secretario, leída y publicada en audiencia pública y notificada a las partes, que era todo lo que la ley entonces vigente exigía para que una vez firme pudiera ejecutarse, y como la sentencia se agregaba a los autos, todo esto constituía el registro de la sentencia. No era necesario, pues, llevar a los libros de sentencias creadas por el Código de Enjuiciamiento Civil todas las sentencia dictadas con anterioridad para que pudieran cumplirse, por lo que es insostenible el tercer motivo del recurso.

La resolución apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.